STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
FAX: (408) 535-5081
Email: michael.t.pyle@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM NATIONAL CIVIL COURT OF FIRST INSTANCE NO. 9 IN BUENOS AIRES, ARGENTINA IN<br><br>HILDA KARINA GRACIELA ZURITA V. FRED EUGENE BADAGNANI<br><br>REF NO.: 1340/20<br>DJ REFERENCE NUMBER: 189-44-21-24 | MISC. NO.<br><br>**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

The United States of America submits this Memorandum in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782 to execute a Letter of Request from judicial authorities in Buenos Aires, Argentina for international judicial assistance to obtain certain documents from PayPal Holdings ("PayPal") about the amount of money in Mr. Fred Eugene Bagdani's PayPal account from January 1, 2015 through June 2, 2018.

---

[1] *In re Letters Rogatory from Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas.").

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT
TO 28 U.S.C. § 1782                                     1

## INTRODUCTION

The request for international judicial assistance comes from the First Instance National Civil Court No. 9 in Buenos Aires, Argentina. Specifically, the Argentine Court has issued a Letter of Request requesting judicial assistance to obtain documents for use in the case captioned *Hilda Karina Graciela Zurita v. Fred Eugene Badagnani,* Foreign Reference Number 189-44-21-24. *See* Declaration of Michael T. Pyle ("Pyle Dec."), Exhibit 1 (Letter of Request).

The facts of this case, as stated in the Letter of Request, indicate that the matter is a civil proceeding in which the Argentine Court is adjudicating a case brought by Ms. Hilda Karina Graciela Zurita against her ex-spouse Mr. Fred Eugene Badagani. In order to make its determination, the Argentine Court is requesting documents that PayPal has regarding the amount of money in Mr. Bagadani's PayPal account from January 1, 2015 through June 2, 2018, one of the financial accounts that the Argentine Court has determined to be community property under Argentine law.

The Argentine Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter Hague Evidence Convention].

The request was then transmitted to the U.S. Attorney's Office for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

## ARGUMENT

### I.   THE HAGUE EVIDENCE CONVENTION

The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist.*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Argentina. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad*

*in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited July 2, 2021).

Article 10 of the Hague Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id.*

Under U.S. Const. art. VI, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause.") (Roders, J., concurring); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty.").

## II. STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining testimony is contained in 28 U.S.C. § 1782. This section states:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may

> prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

*Id.* § 1782(a); *see also Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 529 (providing a brief history of the Hague Evidence Convention). 28 U.S.C. § 1782 "is the product of congressional efforts, over the span of 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Request for Assistance from Ministry of Legal Affairs*, 848 F.2d 1151, 1153-54 (11th Cir. 1988).

   This Court is authorized to provide assistance to the Argentine Court if the three requirements set forth in 28 U.S.C. § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re: Application Pursuant to id.* § 1782; *Schmitz v. Bernstein Liebhard & Lifshitz, L.L.P.*, 376 F.3d 79, 83 (2d Cir. 2004); *see also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel Corp.*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

   Here, each of these threshold statutory requirements is easily met. First, PayPal "resides or is found in" the Northern District of California because the company's offices are located in San Jose, California. See https://www.paypal.com.in.webapps/mpp/about (listing PayPal's Corporate Headquarters as 2211 North First Street in San Jose**)**. Second, the Letter of Request explains that the testimony is "for use in a proceeding before a foreign tribunal" as such testimony is needed for litigation pending in Argentina involving a claim over the alleged loss money from a bank account through use of

e-mail addresses.  *See* Pyle Dec., Exh. 1.  Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal." *Id.*

### III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a 28 U.S.C. § 1782(a) discovery application simply because it has the authority to do so." *See Intel Corp.*, 542 U.S. at 264. Indeed, 28 U.S.C. § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000).[2]

The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel Corp.*, 542 U.S. at 264-65. "In exercising its discretion under 28 U.S.C. § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Fayed*, 210 F.3d at 424; *see also United States v. Morris* (*In re Letter of Request from the Amtsgericht Ingolstadt*), 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Argentine Court.

---

[2] *In re Application for an Order Permitting Metallgesekkschaft AG to take Metallgesellschaft v. Hodapp* (*In re An Order Permitting Metallgesellschaft Ag to Take Discovery*), 121 F.3d 77 (2d Cir. 1997) ("[T]hrough § 1782 Congress has seen fit to authorize discovery which, in some cases, would not be available in foreign jurisdictions, as a means of improving assistance by our courts to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts…. If district courts were free to refuse discovery based on its unavailability in a foreign court or because the foreign court had not first passed on the discoverability of the materials sought, § 1782 would be irrelevant to much international litigation, frustrating its underlying purposes.").

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782                5

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Request for Judicial Assistance from the Dist. Court in Svitavy*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) (hereinafter In re Svitavy); *see also Intel Corp.*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). PayPal would presumably not be subject to the Argentine Court's jurisdiction because it is located in San Jose, California; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Argentine Court or the character of the proceedings. Additionally, this request was initiated by the Argentine Court, and not by an independent party; therefore, the Argentine Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Request for Judicial Assistance from the Dist. Court in Svitavy*, 748 F. Supp. 2d at 527. *In re Grupo Qumma, S.A.*, No. M 8-85, 2005 WL 937486 (S.D.N.Y. Apr. 21, 2005) (granting 1782 application, holding that ambiguity about whether the discovery would be permitted in Mexican court is not a relevant factor in determining whether to grant a § 1782 request as that would require federal judges to apply foreign law concepts).

With respect to the third factor, because the requester is the Argentine Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Argentine discovery rules or to thwart policies of either the United States or Argentina. *See In re Request for Judicial Assistance from the Dist. Court in Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). While the records and information sought by the Argentine Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 et seq., does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782    6

1  DOJ attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for*
2  *Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987)
3  (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782). Therefore, the third *Intel* factor
4  weighs in favor of granting the Argentine Court's request for judicial assistance.
5    And with respect to the fourth factor, the request seeks documents about a single financial
6  account during a specified time frame.  The United States is not asking PayPal to provide the content of
7  any e-mail communications, or a voluminous amount of documents and therefore the request would not
8  be unduly intrusive or burdensome. *See, e.g., London v. Does,* 279 F. App'x 513, 515 (9th Cir. 2008)
9  ("The request is not an attempt to avoid foreign evidence rules, and is not unduly intrusive or
10 burdensome because it seeks to gather only identifying information for the accounts, such as the names
11 and addresses of the users, and not the content of any communication."); *In re Canadian Private*
12 *Copying Collective*, No. 11-MC-0028 (SRN/SER), 2011 WL 1641982, at *3 (D. Minn. Apr. 14, 2011),
13 report and recommendation adopted, *Application of Canadian Private Copying Collective*, No. 11-MC-
14 0028 (SRN/SER), 2011 WL 1642432 (D. Minn. May 2, 2011) (granting § 1782 application even where
15 production may be burdensome due to the confidential nature of the documents and noting that the
16 witness could object or move to quash the subpoena after it was granted); *In re Mentor Graphics Corp.*,
17 No. 16-mc-80037-HRL, 2017 WL 55875 (N.D. Cal. Jan. 4, 2017) (holding the first part of the request
18 was not unduly burdensome despite fifteen year temporal scope because it "is required by the nature of
19 the events at issue and the evidence sought." However, the second part of the request was overly
20 burdensome because it sought eighteen years' worth of documents, including things totally unrelated to
21 the matter at hand. The court concluded the benefit of this part of the request did not "outweigh[] the
22 considerable burden of finding and producing" the documents.). Thus, the fourth factor also weighs in
23 favor of granting the request.
24   However, even if the Court determines that the request is too burdensome in part, the request
25 may be trimmed or "blue-penciled" such that it can be at least partially executed. *Intel Corp.*, 542 U.S.
26 at 265 (noting that unduly intrusive or burdensome requests may be "trimmed" by U.S. courts); *In re*
27 *Application of Accent Delight Int'l, Ltd.*, No. 1:18-mc-00050, 2018 WL 2849724 (S.D.N.Y. June 11,
28

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT
TO 28 U.S.C. § 1782       7

2018) (granting the § 1782 motion for documents, but limiting discovery to those documents relevant to understanding the disputed transactions. The court reasoned that, while the request documents pertaining to other transactions were overly "intrusive or burdensome," it could be cured through the imposition of a judicial limit, and did not warrant rejection); *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("[T]o the extend a district court finds that a discovery request is overbroad, before denying the application it should ordinarily consider whether the defect could be cured through a limited grant of discovery"); *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095 (2d Cir. 1995) ("It is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather by simply denying relief outright." Section 1782's "underlying policy should generally prompt district courts to provide some form of discovery assistance."); *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) ("The district court's second error was to turn down Heraeus's discovery request flat, on the ground that compliance would be unduly burdensome to Biomet, without requiring Biomet to negotiate with Heraeus over cutting down the request to eliminate excessive burden and failing that to ask the district court to limit the scope of discovery.").

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Argentine Court.

## CONCLUSION

Attached as Exhibit 2 to the Declaration of AUSA Michael T. Pyle is the proposed subpoena that this office intends to serve (in materially similar format) on PayPal should the Court grant the Application pursuant to 28 U.S.C. § 1782.  Upon receipt, PayPal's response to the subpoena will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the First Instance National Civil Court No. 9 in Buenos Aires, Argentina.

The United States respectfully requests that the Court issue an Order, in the form accompanying this filing, appointing Assistant United States Attorney Michael T. Pyle Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

| | | |
|---|---|---|
| Dated: July 7, 2021 | | Respectfully submitted, |
| | | STEPHANIE M. HINDS<br>United States Attorney |
| | By: | /s/ *Michael T. Pyle*<br>_____.<br>MICHAEL T. PYLE<br>Assistant U.S. Attorney<br>Attorneys for United States of America |

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

9