# Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE NATIONAL CIVIL COURT OF FIRST INSTANCE NO. 9 IN BUENOS AIRIES, ARGENTINA IN THE MATTER OF *HILDA KARINA GRACIELA ZURITA V. FRED EUGENE BADAGANI* _____/ | CASE NO. |

**COMMISSIONER'S SUBPOENA**

To:   PayPal Holdings, Inc.
      2211 North First Street
      San Jose, California 95131

I, Michael T. Pyle, an Assistant United States Attorney for the Northern District of California, acting under the authority of Title 28, United States Code, Section 1782, for the purpose of rendering assistance to Argentina, command that you provide to me evidence for use in a civil lawsuit in the National Civil Court of First Instance No. 9 in Buenos Aires, Argentina, entitled *Hilda Karina Graciela Zurita v. Fred Eugene Badagani,* Foreign Reference Number 1340/20, said evidence being:

Documents sufficient to show the amount of money in the following PayPal Holdings account of Fred Eugene Badagani between January 1, 2015 through June 2, 2018 [The subpoena to be served would include the account number, as well as Mr. Badagani's SSN and other identifying information.]

If you cannot produce a requested document (including, *inter alia*, because the document has been lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so. To the extent a document is not produced because of an assertion of

privilege, please state the specific privilege relied upon. If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

Please produce the evidence by email to me at michael.t.pyle@usdoj.gov or by mail at the address set forth below no later than _____ [The subpoena to be served would provide at least 30 days to respond](date).

Michael T. Pyle
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113

Please note that if you anticipate any charges for these records, please contact me prior to mailing so that we can confirm the charges and the availability of funds. *See* Exception to the Right to Financial Privacy Act for International Judicial Assistance Requests Memorandum (enclosed).

For failure to provide said evidence, you may be deemed guilty of contempt and liable to penalties under the law. The recipient of the attached subpoena may, for good cause shown, oppose the giving of evidence, or the circumstances thereof, by motion timely filed with the Court.

Dated this _____ day of July 2021

_____
Michael T. Pyle, Commissioner

U.S. Department of Justice

*United States Attorney*
*Northern District of California*

*150 Almaden Blvd. Suite 900*
*San Jose, CA 95113*

*(408) 535-5087*

July XX, 2021

Re:   Exception to the Right to Financial Privacy Act for International Judicial Assistance Requests

Dear Records Department:

The Right to Financial Privacy Act (RFPA) does not prevent the execution of international judicial assistance requests for bank records in civil and commercial matters as **the exception outlined in 12 U.S.C. § 3413(d) applies** to such requests. The exception provides in relevant part:

> (d) Disclosure pursuant to Federal statute or rule promulgated thereunder:
> Nothing in this chapter shall authorize the withholding of financial records or information ***required to be reported in accordance with any Federal statute*** or rule promulgated thereunder. 12 U.S.C. § 3413(d) (emphasis added).

The statute which requires the production of these records is 28 U.S.C. § 1782(a). The statute allows district courts to compel the production of evidence from domestic persons or entities in support of foreign litigation. The order may be made pursuant to a request from a foreign or international tribunal and may direct that the documents be produced before a person appointed by the court (such an Assistant United States Attorney).

**Courts have adjudicated that international judicial assistance requests made pursuant to § 1782 fall under the exception provided in § 3413(d) because ". . . § 1782 is a federal statute which required that [the bank] disclose the requested financial information."** *Young v. Chemical Bank, N.A.*, 1988 WL 130929, at *5 (S.D.N.Y. 1988). *See also Young v. U.S. Dept. of Justice*, 882 F.2d 633, 639 (2d Cir. 1989); *In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti*, 669 F. Supp. 403, 407 (S.D. Fla. 1987), *In re Letters of Request from the Supreme Court of Hong Kong*, 821 F. Supp. 204, 211 (S.D.N.Y. 1993).

As the enclosed Commissioner's Subpoena was issued pursuant to § 1782, and Courts have held that requests made pursuant to § 1782 fall under the RFPA exception in § 3413(d), the RFPA does not prevent the execution of this request. Additionally, as the RFPA does not apply, banks

cannot rely on the RFPA reimbursement provision as a basis for payment by the United States to a custodian who produces records in response to a foreign request. *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) (citing to Fed. R. Civ Pro. 26 (c)) (holding "responding party must bear the expense of complying with discovery requests," though the responding party may ask the court to exercise discretion to find requests unduly burdensome) (superseded on other grounds with 2015 amendments to the Federal Rules of Civil Procedure).